# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David D. Alm, being duly sworn on oath, depose and state that I have been employed as a Special Agent with the Federal Bureau of Investigation (hereinafter, "FBI") since July 7, 2019, and I am currently assigned to the Nashville Division, Memphis Resident Agency, Complex Financial Crimes Squad.

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation and have been since July 7, 2019.  I have completed the FBI Basic Field Training Course to include specific training in how to conduct investigations.  In addition to FBI experience, I served in the United States Army Military Police from 2013 until 2019, achieving the rank of Captain.  Prior to joining the Army, I served as a Patrol Officer in the Oxford, Mississippi Police Department from 2008 until 2013.  I have investigated violations of Federal Criminal Code, the Uniform Code of Military Justice, and the Mississippi Criminal Code.

2.      I am an investigative or law enforcement officer of the United States within the meaning of section 2510(7) Title 18, United States Code, and am empowered by law to conduct investigations and make arrests.

3.      The investigative activities described in paragraphs five through twelve of this affidavit were investigated during a 24 hour a day seven day a week crime initiative; I was not present during the investigations described within these paragraphs.  The facts in this affidavit come the information were obtained from my own findings, my training and experience, other agents, law enforcement officials, and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my

knowledge about this matter. Based on the facts set forth in this affidavit, there is probable cause to believe that Luis N. Gonzalez (hereinafter "GONZALEZ") committed a violation of **18 U.S.C. § 111(a)(1).**

## STATEMENT OF PROBABLE CAUSE

4.      There is probable cause to believe that GONZALEZ violated **18 U.S.C. § 111(a)(1)** based on the facts set forth below:

5.      On October 23, 2025 at approximately 11:00 AM, law enforcement personnel assigned to the Memphis SAFE Task Force were conducting surveillance on a gray Honda Civic, bearing Mississippi Tag MHY812 which was unoccupied in front of 6520 Saginaw RD, Memphis, TN 38134. The vehicle under surveillance had fled from law enforcement officers the night prior.

6.      At approximately 11:34 AM, law enforcement personnel observed a black Toyota Yaris with a Tennessee temporary tag park behind the Honda Civic. The law enforcement personnel observed a male, later identified as GONZALEZ, exit the driver's seat and approach the Honda Civic. Law enforcement personnel observed GONZALEZ remove several items from inside the Honda Civic and remove the license tag from the rear of the Honda Civic. Law enforcement personnel observed the Toyota Yaris leave with GONZALEZ and others.

7.      After the Toyota Yaris drove away, a law enforcement officer recognized the temporary tags on the vehicle as fraudulent due to the improper formatting and a distorted Tennessee Seal.

8.      Law enforcement personnel in a marked Memphis Police Department (MPD) squad car initiated a traffic stop of the Toyota Yaris. The Toyota Yaris initially came to a stop on Macon

RD at Heathcliff DR. As law enforcement personnel approached the Toyota Yaris, the vehicle sped off.

9. MPD Officer K. Middleton was on Sycamore View, just North of Macon RD. Officer Middleton exited his patrol car and attempted to deploy a tire deflation device to stop the Toyota Yaris.

10. The Toyota Yaris swerved after Officer Middleton deployed the traffic deflation device. Specifically, the Toyota Yaris swerved towards Officer Middleton, who had to sprint out of the way, lest he be struck by the vehicle. The Toyota Yaris swerved prior to striking the device and did not end up striking the device. The Toyota Yaris' maneuver caused Officer Middleton to leap away from the performance of his duties. GONZALEZ assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Middleton while he was engaged in the performance of his official duties. Additionally, GONZALEZ's actions were done with the intent to commit another felony, to wit: 8 U.S.C. 1324(a)(1)(A)(iii)- attempts to conceal, harbor, or shield from detection an alien by means of transportation.

11. The Toyota Yaris continued to flee from law enforcement personnel. After a prolonged pursuit, law enforcement personnel arrested GONZALEZ.

12. After being advised of his Miranda Rights and waiving them, GONZALEZ participated in an interview with law enforcement personnel at the MPD Appling Farms Station. GONZALEZ said he was driving the gray Toyota and fled from the police. GONZALEZ said he did not try to hit the officer with his vehicle, he was only trying to avoid hitting the stop sticks. GONZALEZ said he fled because he knew his pregnant girlfriend who was in the vehicle did not have a lawful immigration status and he did not want her to be deported.

13.    I obtained dash camera footage obtained by an MPD patrol car which clearly recorded the Toyota Yaris' maneuver described in Paragraph 10.   The maneuver depicted in the camera footage was consistent with the description provided in Paragraph 10 of this affidavit.

14.    I obtained a copy of a United States Marshals Service Special Deputation Oath of Office, Authorization and Appointment.  The document showed Officer Middleton was deputized by the United States Marshals Service during the events described in this affidavit.

15.    All the above occurred within the Western District of Tennessee.

## CONCLUSION

Based on my investigation, I believe that there is probable cause to believe that GONZALEZ committed the criminal violations as set forth in this criminal complaint and respectfully request that the Court issue an arrest warrant.

Respectfully submitted,

David D. Alm
Special Agent
Federal Bureau of Investigation

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.
Sworn to and subscribed before me by telephone this the 30th day of October 2025.

s/ Tu M. Pham

HONORABLE TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF TENNESSEE